UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BUVAN NATHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CASE NO. |
| | ) | |
| COUNTY OF COOK | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant, | ) | |

## COMPLAINT

Buvan Nathan, by his attorneys Gordon & Karr LLP, alleges as follows:

## NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act ("the ADA").

## JURISDICTION

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331 (federal question) and 1343 (civil rights).

3. Venue is proper by virtue of 28 U.S.C. §1391(b), because the employment practices complained of herein occurred in Chicago, Illinois, and thus venue is proper in the Northern District of Illinois.

## PARTIES

4. Plaintiff Buvan Nathan ("Nathan") is an individual residing at 200 Gazebo Lane, Lombard, IL 60148.

5. The Defendant, County of Cook ("the County"), is a body politic, organized under the laws of the State of Illinois. The County operates the Cook County Department of Environmental Control ("the CCDEC") in offices are located at 69 West Washington Street in Chicago, Illinois 60602. Plaintiff was (and is) employed by the County in the CCDEC at that location.

6. Nathan is a 57-year-old man with a disability. At all relevant times, Nathan met the definition of "employee" and a "qualified individual with a disability" under the ADA, 42 U.S.C. §1211 (4) and §12102.

7. At all relevant times, the County was an "employer" under the ADA, 42 U.S.C. §12111 (5) (A), in that the County is engaged in an industry affecting commerce, and at all relevant times employed more than 500 persons.

## ADMINISTRATIVE PROCEEDINGS

8. Nathan has timely and fully complied with the prerequisites for administrative exhaustion required for jurisdiction in this Court under the ADA, in that:

    a. Nathan timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practices alleged herein;

    b. Nathan received the EEOC's Notice of a Right to Sue on or about May 26, 2011, a true and correct copy of which is attached hereto as Exhibit A; and

c. Nathan timely filed the instant Complaint within 90 days of the receipt of the EEOC's Notice of Right to Sue.

## STATEMENT OF FACTS

9. From May 18, 1992 until November 18, 2010, Nathan was employed by the County in the Department of Environmental Control ("CCDEC"). At all relevant times, his position was that of Environmental Inspector I.

10. Nathan is an individual with diabetes and hypertension. As a result of these disabilities, Nathan has suffered two heart attacks, he has undergone several heart surgeries, and a pacemaker has been implanted in his body.

11. Diabetes is a disability as defined by the Americans with Disabilities Amendments Act of 2008, because it substantially limits a major life activity, including, but not limited to, endocrine functions.

12. Hypertension is a disability as defined by the Americans with Disabilities Amendments Act of 2008, because it substantially limits a major life activity, including, but not limited to, respiratory and circulatory functions.

13. Environmental Inspector I job duties include office responsibilities, such as data input and collection, as well as inspections in the field. On occasion, field inspections require inspectors to climb ladders and/or stairs in excess of two flights.

14. As a result of his disabilities, Nathan cannot climb ladders, or stairs in excess of two flights.

15. As a reasonable accommodation for Nathan's disabilities, for the past ten years, from April, 2001, until October, 12, 2010, the County assigned him office responsibilities

exclusively. Nathan was not required to do field inspections, because those inspections, on occasion, require climbing ladders and stairs.

16. The County's employment practices are subject to review by monitors pursuant to orders entered in the case of *Shakman v. Cook County*, 69 C 2145 (N.D. Ill.)

17. Nathan previously filed a complaint against the County with the Shakman monitors. Nathan's complaint was found to have merit and was sustained, and thus the County was ordered to pay damages to him. Kevin Givens was Nathan's supervisor at the time the County was ordered to pay damages to him.

18. After Nathan's success with respect to the complaint filed with the Shakman monitors, he was again passed over for promotion due to political reasons. Mr. Nathan has applied for numerous promotions and pay grade increases at the CCDEC between 1998 and present, but has never received them because he lacked political connections and clout, and was only able to prevail with court intervention. Accordingly, he filed a second Shakman complaint ("the second Shakman complaint"), which the Shakman monitors are currently investigating.

19. From 2003 until on or around March 2010, Nathan's direct supervisor was Kevin Givens, who was the Director of the CCDEC. Upon information and belief, Kevin Givens was, at all relevant times, aware of Nathan's Shakman complaints and his successful record in challenging the County's unlawful employment practices. Kevin Given was demoted on April 11, 2011, and Deborah Stone is currently the Director of the CCDEC.

20. Shakman monitors, in the process of investigating Nathan's second Shakmancomplaint, scheduled interviews with County employees for October 12-14, 2010.

21. Upon information and belief, Givens learned of these interviews on or before October, 7, 2010. On October 7, 2010, Givens stripped Nathan of the ten-year reasonable

accommodation and ordered him to resume the field inspections. Nathan was unable to perform the field inspections due to his disabilities, and he so advised Givens.

22. Beginning in October, 2010, when his ten-year reasonable accommodation was eliminated, Nathan repeatedly requested that the County engage in the interactive process required by the ADA to determine what reasonable accommodation can be made; however, the County refused to do so.

23. Nathan's union representative, Betty Boles, Vice President, Service Employees International Union Local 73 ("the Union"), also repeatedly requested that the County engage in the interactive process required by the ADA to determine what reasonable accommodation can be made. The Union also processed grievances on Nathan's behalf. However, the County refused to engage in the interactive process, and it has stalled the grievance process, and refused to turn over requested information to Nathan and the Union.

24. On November 18, 2010, Givens terminated Nathan's employment, stating that Defendant would no longer accommodate his disability. Nathan utilized accrued vacation time until that was exhausted, in February, 2011, all the while requesting that the County engage in the interactive process required by the ADA. From February, 2011, through July 11, 2011, Nathan was on unpaid status, where he remained because the County refused to engage in the interactive process required by the ADA.

25. Not long after the issuance of the right to sue notice, and while his appeal was pending, on July 11, 2011, and despite the November 18, 2010 termination, the County directed Nathan to return to "work" in the CCDEC headquarters. Nathan complied with that direction, but it is a misnomer to call what he does "work". To the contrary, Nathan, is assigned no tasks, including the numerous tasks which he performed successfully for ten years prior to the removal

5

of the long-standing reasonable accommodation. His "work" consists of nothing more than sitting behind an empty desk, staring at a blank computer screen, despite his requests for work.

## CAUSE OF ACTION

26. Nathan realleges and incorporates paragraphs 1-25 of this Complaint by reference.

27. Nathan had disabilities as defined by the ADA, diabetes and hypertension, at the time his employment was terminated.

28. Nathan's history of hypertension and diabetes and its treatment constitute a "record of disability" as defined by the ADA.

29. Nathan would have been able to continue performing his job if his diabetes and hypertension had the County reasonably accommodated him by continuing the long-standing reasonable accommodation to perform office responsibilities which the County had afforded to him.

30. The County intentionally, with malice and reckless indifference of Nathan's rights, violated the ADA by refusing to engage in the interactive process required by the ADA, by refusing to accommodate his disability, and by terminating him, despite knowing that the ADA required such accommodations.

31. Defendant's discriminatory conduct has caused and continues to cause Nathan to suffer substantial physical and emotional distress and inconvenience.

32. Defendant retaliated against Nathan by removing the long-standing reasonable accommodation because of his justified complaints about the County's unlawful hiring practices.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Buvan Nathan respectfully requests the following relief:

a. A declaration that his rights under the ADA were violated;

b. Any actual monetary losses sustained by Nathan as a direct result of the violations;

c. The interest on the amount described in the items listed above, calculated at the prevailing rate;

d. Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by Nathan;

e. Reinstatement with seniority and any promotional opportunities he would have had but for the discriminatory conduct;

f. An order prohibiting the County from any further prohibited discrimination against Nathan;

g. Compensatory damages against the County because of the past and future physical and mental pain and distress and inconvenience caused by its discriminatory actions;

h. Punitive damages because the County acted with malice and reckless indifference to Nathan's rights;

i. Attorney fees, litigation expenses and costs incurred in obtaining relief and pursuing this action;

j. Post-judgment interest; and

k. Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff Buvan Nathan demands trial by jury on all issues so triable.

                                                          Respectfully submitted,
                                                          Buvan Nathan

                                      By:  /s/ Carrie A. Herschman
                                                 One of his Attorneys

Stuart D. Gordon
Carrie A. Herschman
Gordon & Karr LLP
150 North Wacker Drive
Suite 940
Chicago, IL 60606
(312) 377-4450 TEL
(312) 332-1901 FAX.