UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BUVAN NATHAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 11 C 5678 |
| ) | Judge George W. Lindberg |
| COUNTY OF COOK ) | Magistrate Geraldine Soat Brown |
| ) | |
| Defendant, ) | |
| ) | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Buvan Nathan, by and through his attorneys, Gordon & Karr LLP, submits this memorandum of law in opposition to Defendant's Rule 12(b)(6) motion to dismiss. In ruling on a motion to dismiss, the Court accepts as true all of the well-pleaded facts and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). As set forth in greater detail below, Plaintiff clearly pleads failure to accommodate and retaliation claims under the Americans with Disabilities Act. Defendant simply mischaracterizes Plaintiff's well-pled complaint and the applicable law.

**Introduction**

Buvan Nathan has worked as an Environmental Inspector in the Cook County Department of Environmental Control since 1992. Mr. Nathan suffers from diabetes and hypertension, has suffered multiple heart attacks, and wears a pacemaker. Complaint, ¶15. Mr. Nathan is a "qualified individual" with a disability under the Americans with Disabilities Act ("the ADA"): as he has demonstrated for the past ten years, he is able to perform the essential functions of Environmental Inspector I with a reasonable accommodation. For the past decade,

Mr. Nathan worked on-site at CCDEC headquarters where his responsibilities were, *inter alia*, data input and collection from field inspections. Complaint, ¶15.

The County's employment practices are subject to review by monitors pursuant to orders entered in the case of *Shakman v. Cook County,* 69 C 2145 (N.D. Ill.). Mr. Nathan previously filed a complaint against the County with the Shakman monitor. The complaint was sustained, and the County was ordered to pay damages to Mr. Nathan. Mr. Nathan's supervisor, Kevin Givens, was well aware of Mr. Nathan's successful Shakman complaint, as he was Mr. Nathan's supervisor at the time of its filing. Complaint, ¶¶17, 19.

After Mr. Nathan successfully challenged the County's failure to promote him pursuant to the *Shakman* decree, Mr. Nathan was again passed over for promotion. Complaint, ¶¶17-20. Undeterred, Mr. Nathan filed a second complaint with the Shakman monitors. In early October, 2010, Shakman monitors scheduled interviews with County employees who reported directly to Mr. Givens. Complaint, ¶¶20-21.

Upon learning of those interviews, Mr. Givens stripped Mr. Nathan of his ten-year accommodation, ordering him to the field. In response to Mr. Givens' directive, Mr. Nathan advised Mr. Givens of a fact he already well knew – that Mr. Nathan is an individual with diabetes and hypertension and that he could not climb ladders or stairs in excess of two flights. Complaint, ¶22. As set forth in the Complaint, field inspections may require climbing ladders and stairs. Contrary to the County's assertion, Mr. Nathan never suggested climbing ladders or stairs was an essential function of his job. *See, infra,* pages 4-5. Mr. Nathan requested that the County engage in the interactive process required by the ADA to determine what reasonable accommodation could be made in light of his disabilities. *Id.* Mr. Givens' response was swift:

rather than engage in the interactive process required by the ADA, Mr. Givens terminated Mr. Nathan's employment. Complaint, ¶24.

Over the course of nearly a year, the County flatly refused to engage in the interactive process required by the ADA to determine why now – after ten years of successfully performing his job – Mr. Nathan could no longer do so. It was only after Mr. Nathan requested his right to sue letter from the EEOC to challenge the County's refusal to engage in the interactive process required by the ADA and the County's retaliation for his requests that it do so, that the County purported to place him back to "work", on July 11, 2011. Complaint ¶8, ¶25. Mr. Nathan, ready and willing to perform the job he performed for ten years, is now assigned no tasks.

## Argument

### A. Applicable Law

Under 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a claim only if, as a matter of law, there is no set of facts the Plaintiff could prove that would entitle him to relief. When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the Plaintiff. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true… 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.*

The ADA provides that a covered employer shall not "discriminate against a qualified individual on the basis of disability". 42 U.S.C. §12112(a). "Discrimination" under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee" unless the employer can demonstrate that the accommodation would impose an undue hardship. 42 U.S.C. §12112(b)(5)(A). The ADA requires employers to reasonably accommodate the limitations of its employees.

### B. Plaintiff is a qualified individual under the plain language of the ADA because he can perform the essential functions of the position with a reasonable accommodation.

The County argues that because Plaintiff requires a reasonable accommodation to perform the position of Environmental Inspector I, he is not a "qualified individual" under the ADA, ignoring the plain language of the statue. The ADA provides that "a qualified individual with a disability" is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(9). Mr. Nathan successfully performed the essential functions of the Environmental Inspector I with a reasonable accommodation for over ten years, and the County does not even attempt to provide any legitimate explanation why he cannot do so now.

The County argues that Mr. Nathan cannot perform the essential functions required of Environmental Inspector I because he cannot climb ladders or stairs in excess of two flights. Mr. Nathan did not plead that climbing ladders or stairs is an essential function of an Environmental Inspector I. Plaintiff plead as follows:

> Environmental Inspector I job duties include office responsibilities, such as data input and collection, as well as inspections in the field. On occasion, field

4

inspections require inspectors to climb ladders and/or stairs in excess of two flights. Complaint, ¶13.

Contrary to the County's assertion, field inspections do not always require inspectors to climb ladders and stairs – Plaintiff simply pled that, *on occasion*, field inspections require such climbing. Plaintiff has not plead, and does not claim, that climbing ladders or stairs is (or ever was) an essential function of his position. The County argues now, for the first time in ten years, that climbing ladders or stairs is an essential function of Mr. Nathan's long-held position in a less than credible attempt to justify its failure to engage in the interactive process required by the ADA.

**C. The County failed to engage in the interactive process required by the ADA for nearly a year.**

The ADA requires the County to engage in an interactive process in order to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. 29 C.F.R. §1630.2(o)(3). Mr. Nathan pled, and the County concedes, that for over the course of nearly a year, the County has refused to engage in that process. Complaint, ¶22. "A party that obstructs or delays the interactive process is not acting in good faith. A party that fails to communicate, by initiation or response, may also be acting in bad faith. In essence, courts should attempt to isolate the cause of the breakdown and assign responsibility." *Beck v. University of Wisconsin Bd. of Regents,* 75 F.3d 1130, 1135 (7th Cir. 1996).

Mr. Nathan has alleged that in October, 2010, the County unilaterally removed a long-standing accommodation afforded to him, which enabled him to fully and competently perform his job. When Mr. Nathan requested that the County engage in the interactive process required by the ADA after the County removed the accommodation, he was fired. Despite having fired

5

Mr. Nathan, after the EEOC's right to sue letter was issued, the County purported to return Mr. Nathan to what the County considers "work" – he was given a desk, but nothing to do. By this time, Mr. Nathan had been unemployed and without a salary for almost six months. From October, 2010 until July, 2011, Defendant never responded to the requests of Mr. Nathan, or those of his union, to engage in the interactive process the ADA requires to determine why he suddenly cannot now perform a job he had successfully performed for a decade. Of course, this adverse employment decision caused Mr. Nathan damage.[1]

Where, as here, the employee has disclosed the need for an accommodation, "the ADA obligates the employer to engage with the employee in an 'interactive process' to determine the appropriate accommodation under the circumstances." *Gile v. United Airlines, Inc.,* 213 F.3d 365, 373 (7th Cir. 2000). As Plaintiff has pled, Defendant accommodated his disability for ten years. Without explanation, and without engaging in the interactive process, the County unilaterally –and unlawfully–ended that accommodation.

Of course, the timing of the County's removal of the accommodation and its belated attempt to redefine the essential functions of Mr. Nathan's job make the County's actions and explanations suspect. The removal occurred just two days after the Shakman monitors called to schedule interviews concerning Mr. Nathan's second claim regarding a failure to promote. In what was an obvious act of retaliation, and without prior notice, or discussion, Mr. Nathan's supervisor, Kevin Givens, ordered Mr. Nathan to resume field inspections immediately. In a further act of retaliation, Mr. Givens' response to Mr. Nathan's request that the County engage in the interactive process to determine a reasonable accommodation under the ADA was to terminate Mr. Nathan's employment. From October, 2010 until July, 2011, the County refused

---

[1] The County correctly points out that punitive damages are not available against it under the ADA.

to engage in the interactive process required by the ADA and persisted in its refusal to respond to Mr. Nathan's requests that it do so.

The County argues that it now has no liability because it made an "accommodation" nearly a year after Mr. Nathan requested same – by returning him to "work" in the office in July, 2011, but assigning him no tasks. That "assignment" is not an accommodation, but is in fact further retaliation for, among other things, Mr. Nathan's repeated requests that the County engage in the interactive process. Equally meritless is the County's argument that paying Mr. Nathan accrued vacation time constitutes an accommodation. The County is obligated to pay all of its employees, including Mr. Nathan, accrued but unused vacation time under the Illinois Wage Payment and Collection Act 820 ILCS 115/14 *et seq*.

> **D.** **The Complaint properly pleads that Mr. Nathan engaged in protected activity under the ADA and that the County further retaliated against him as a result.**

In a rather remarkable argument, the County suggests that because it first retaliated against Mr. Nathan as a result of the Shakman monitors' investigation of his complaints, Plaintiff cannot now state a claim for retaliation under the ADA. Apart from the suggestion that the County should be allowed to benefit from its misconduct, thus argument ignores the fact that the Complaint specifically alleges that Plaintiff requested that the County engage in the interactive process required by the ADA in October and was terminated for making that request. Complaint, ¶¶22, 24. When considering a 12(b)(6) motion to dismiss, the Court must make all reasonable inferences in favor of Mr. Nathan – not the County.

**Conclusion**

Plaintiff Buvan Nathan respectfully requests that Defendant's Rule 12(b)(6) motion to dismiss be denied in its entirety. In the alternative, Plaintiff respectfully requests leave to file an amended pleading.

                                              Respectfully submitted,
                                              Buvan Nathan


                                              By: /s/ Carrie A. Herschman
                                                     One of his Attorneys

Stuart D. Gordon
Carrie A. Herschman
Gordon & Karr LLP
150 North Wacker Drive
Suite 940
Chicago, IL 60606
(312) 377-4450 TEL
(312) 332-1901 FAX

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BUVAN NATHAN,  )  ) | |
| Plaintiff,  ) | |
| v.  ) | |
|  ) | Case No. 11 C 5678 |
|  ) | Judge George W. Lindberg |
| COUNTY OF COOK  ) | Magistrate Geraldine Soat Brown |
|  ) | |
| Defendant,  ) | |
|  ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 5, 2011, she caused a true and correct copy of the forgoing **Memorandum of Law in Opposition to Defendant's Motion to Dismiss** be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

>Greg Vaci
>Cook County State's Attorney Office
>500 Richard J. Daley Center
>Chicago, Illinois 60602

>By: /s/ Carrie A. Herschman
>One of his Attorneys

Stuart D. Gordon
Carrie A. Herschman
Gordon & Karr LLP
150 North Wacker Drive
Suite 940
Chicago, Illinois 60606
(312) 377-4450 TEL
(312) 332-1901 FAX